[Crim. No. 11925.  Second Dist., Div. One.  Mar. 15, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ROY VICTOR HUDSON, Defendant and Appellant.

Charles M. Berg, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and Craig G. McIntosh, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of assault by means of force likely to produce great bodily injury.

In an amended information filed in Los Angeles County on July 7, 1965, defendant was charged in count I with assaulting Joe E. Brown with a deadly weapon on January 3, 1965, and in count II with assaulting Joe E. Brown by means of force likely to produce great bodily injury on January 3, 1965. Defendant pleaded not guilty and in a trial by jury defendant was found guilty of the charge as contained in count II of the information. Count I was dismissed. Defendant was sentenced to the state prison, the sentence suspended and defendant was placed on probation for four years. A timely notice of appeal was filed.

A résumé of some of the facts is as follows:

At about 10 p.m. on January 3, 1965, Joe E. Brown and two companions were crossing Hugo Street when a passing

automobile almost struck them. Brown and his companions found it necessary to jump back into the sidewalk area to avoid being hit by the car. Inquiry was made of the people in the car what was wrong. Brown was about to walk away when he saw defendant and three other men getting out of the car and coming towards him. Neither Brown nor his friends were armed. Two men attacked Brown; he felt a knife beside his head and pleaded with his attackers not to cut him. He then felt a cut behind his ear. He was knocked to the ground and defendant kicked him in the jaw. Brown finally managed to crawl away and called the police.

The officers arrived and Brown was taken to the hospital where his jaw was wired. One of his teeth had to be removed and some of the others were loose. Five stitches were required to close the cut behind his ear.

Deputy Sheriff Baker, with a description furnished by Brown, arrested defendant at 11615 Hugo Street. Deputy Baker, with Deputy Schmidt, made a cursory search of defendant and were told by defendant that he had a knife. Baker removed the knife from defendant and opened it. On the large blade thereof was blood which was still moist. Baker advised defendant that ''he had the right to refuse to answer any questions which I might ask him. That he was entitled to the benefit of counsel and the possibility that any statements he might make in reply to my questions could be later used in proceedings against him.'' Defendant told the officer that he understood his constitutional rights and then said: ''Well, look Officer, I'm going to tell you what happened. Me and my friends were driving down the street when these three guys started cursing at us. When we got out of the car, it looked like they were going to come and jump us, so to stop them from jumping us, we went over to where they were and got them first. There was a big fight and we won. That was how it was. Nothing else happened. No, I didn't cut him.''

Sergeant Castorina, of the Los Angeles County Sheriff's Office, talked with defendant on January 5, 1965, at about 9 a.m. at a station. Before the talk the Sergeant advised the defendant that: ''I told him he had a right to remain silent. He had a right to have counsel while I questioned him. He had a right to know that anything he stated might be testified to in court.'' Defendant then told the deputy that he and his friends were pushing a car down the street when Brown and two other people said something to them, that defendant's friends shouted back and a fight ensued. Defendant said that

he was just fighting and did not remember cutting or kicking anyone; that he did not know how the blood got onto the blade of his knife.

Appellant now asserts that it was in violation of the rule of *Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602] to receive into evidence his statements. *Miranda, supra,* does not apply to this case. (See *People* v. *Rollins,* 65 Cal.2d 681 [56 Cal.Rptr. 293, 423 P.2d 221].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.